Curia, per
Johnson, J.
The first ground of this motion necessarily involves two distinct propositions, 1st. Whether this is such a contract that the defendant could bind himself to perform it by a reassumption after he attained full age; and 2dly. Whether the act done amounted to a reassumption.
The supposed incapacity of infants to judge of the value. of property, or its fitness for their use, and the danger to which they are exposed from the arts and devises of bad man, is the foundation of the rule which exempts *242 them from liability on contracts made by them during their infance. But when they have attained full age, and aré capable of exercising a matured judgment in the review of past transactions, they may, without, violation, of the principle, be permitted to affirm or disaffmn their contracts.". They are then supposed to be competent to determine how far these contracts have been beneficial, and how far injurious, and having made the election to be bound or not, the law' in most eases will confirm and enforce it; and keeping this principle in view, I will proceed to the investigation of the first proposition.
Contracts ehtered. into by infants are classed into those that are absolutely void and those that are voidable. With respect to the former it is very clear that no subsequent confirmation short of actual performance can bind, for the obvious reason that a void,, contract imposes no obligation, and it being itself without foundation, no superstructure can be raised .upon it. Those which ai’e voidable only are in law supposed to impose a qualified obligation, and having elected to be bound by it the performance will be enforced. In all cases of this sort it is therefore a primary consideration to determine to which of these classes the contract belongs. The rules extracted by Bingham in his treatise on the Law of Infancy 67 are, that all gifts, grants, or deeds, made by infants which do not take effect by the delivery of his hand, are void, but that all gifts, grants, or deeds made by him by deed or matter in writing, and to take effect by delivery of his hand, are voidable only. 2. That those acts are void in which there is no semblance of benefit. to the infánt. Those from which he may receive a benefit are voidable only. But he demonstrates I think very clearly, by .illustrations drawn from decided cases, that the first of these-rules is hot sufficiently extensive for practical use and .general application, as it embraces only *243 a limited class of contracts, and it is apparent that the latter could not stand ‘with it; for if a gift, grant, or deed is voidable only because it takes effect by delivery, then the circumstance whether he did or did not derive a benefit from it must be unimportant, and he comes to the conclusion in which I am much disposed to concur, that “ perhaps it may not be unsuccessfully contended at this day that few if any of the contracts of infants are absolutely void.”
Judge Reeve, in his treatise on Domestic Relations 250, has I think ifi some degree supplied the deficiency of the old rules on this subject. He proceeds on the principle that this protection is a privilege to the infants and that his contract must be so regarded as to give him the full benéfit of them, and if he cannot have it without their being regarded as utterly void, then it would be so considered. And he illustrates this rule by a case faom Keeble, where a barber contracted with an infant for all the hair on her head, and in pursuance of the contract, with her consent cut it off, and it was notwithstanding held that she might maintain an action for forcibly cutting the hair from her head. Here it would seem that both the contract and consent must have been regarded as void to enable him to maintain the action. Yet I am unable to perceive any reason why she might not have been bound by her affirmation of this contract after she came of full age.
In the pursuit of this inquiry we are met by the dictum that if one deliver goods to an infant on a contract to sell, &c. such delivery is in law regarded as a gift, because it is said an infant is incapable of making any contract. Bacon Abr. tit. Infancy, p. 1.3. Hence it is concluded that such contracts are hot only voidable but absolutely void, and that any confirmation or re assumption of the promise to pay is void for want of consideration. I should be wanting in candor if I pretended to supply from my own *244 resources any thing in addition to the very able and conclusive arguments of Judge Reeve on this question, in which he demonstrates most clearly that the dictum is unsupported by reason or authorities. “ It is absurd to reason that a man who consented to part with his property for a stipulated price, intended it as a voluntary gift and it is believed that the contradictions and the confusion in the authorities on the question have arisen in pursuing this doctrine, and at the same time laboring to get rid of it. The result of my own reflections after a good deal of labor bestowed on the subject, is that in general there is but little distinction in this x-espect between contracts entered into by adults and infants. Contracts immoral in their tendency, or against law, or without, consideration, ai-e void by whomsoever they may be made, and no undertaking based upon them can bind. Those based upon a moral, legal, and valuable consideration bind adults. -"''‘'The policy of the law pennits an infant to avoid them, but if after arriving at full age he thinks proper to affirm them he ought to be bound. The mox-al obligation is sufficient consideration to support the new undertaking. A power delegated by an infant is said to be an exceptioix; but when the ingredients of a binding contract has entex-ed into the new undertaking, I am reluctant to admit even this exception.
The case of Counts vs. Bates, Harper’s R. 464, relied on by the counsel opposed to the motion, is not inconsistent with this conclusion. In that case there had been no confirmation of the contract by the infant. The defendant, his administrator, was not competent to make or affirm a contract for him. He could not bind the estate by any contract of his. In making the contract the plaintiff took upon himself the risk of a subsequent confirmation, and was bound to abide by the result. No injustice consistent with the protection which the law allows to infants was *245 done to him. The rules with respect to what shall amount^ to a confirmation of a contract made by an infant, after he attains full age are better ascertained. A very slight circumstance demonstrating his assent, will bind him; or any act by which his assent is manifested. Thus if an infant purchase land, and continue in possession after he attains full age it willbe regarded as a confirmation of the purchase. 1 Salk. 20. 4 East. R. 599. Or if he make exchange of lands. Co. Lit. 26; 'or if he take a lease rendering rent, and continue in possession several years after he comes of age, it is a confirmation of the contract ab initio, and he is bound for .the rent in^ arrear. Cro. Jac. 324N" In short any word or action from which his assent to the contract may fairly be deduced, will be regarded as a confirmation.'
In the case under consideration the undertaking of the*, defendant was founded on a valuable consideration. He,, derived a positive benefit from it. He might have avail-., ec[}ymseirSilly’’of tbrnprotecflon-to whieh-he..was,en.titlad'; as an infant, by disaffirtniflg the' contract; and restoring the horse to the plaintiff. But he thought proper to retain and use him, and in the end to sell him and pocket the proceeds. It was a contract which according to the foregoing view he was competent to confirm, and his conduct amounted to a confirmation, The plaintiff was therefore,^ entitled to recover.
On the remaining ground of this motion there can I think be no difficulty. The undertaking to pay to bearer constituted a part of the original contract. The act of confirmation was general and extended to the entire contract, and must be regarded as having relation back to its origin, as well in effect as in form. The action was therefore well brought in the name of the present plaintiff.
Decree reversed.